IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE GUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-665-*** |
| | ) |
| SYRITA BENSON, JAIME NEIVES, | ) |
| JAMES SATTERFIELD, MR. JOHN | ) |
| BARLOW, MR. M. BARROW, MR. E. | ) |
| JOHNSON, CPL. M. RUTH, and | ) |
| 12X8 SIFT WORKING ON 5/2/07, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 6th day of November, 2007,

1. Plaintiff Tyrone Guinn, SBI # 375731, an inmate at the Delaware Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se and has filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 1)

2. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in

imminent danger of serious physical injury. A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

3. Plaintiff, while incarcerated, has filed more than three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, as follows: Guinn v. Carroll, Civ. Action No. 06-670-JJF (D. Del. Mar. 23, 2007); Guinn v. Walker, Civ. Action No. 05-875-KAJ (D. Del. Mar. 17, 2006); Guinn v. Walker, Civ. Action No. 06-221-KAJ (D. Del. June 15, 2006). Therefore, plaintiff may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Accordingly, plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed without prepayment of fees.

THEREFORE, at Wilmington this 6th day of November, 2007, IT IS HEREBY ORDERED that:

1.     Plaintiff's application to proceed without prepayment of fees (D.I. 1) is denied.

2.     Plaintiff is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT JUDGE